Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| WILSON AVILÉS SÁNCHEZ **Recurrente**<br><br>Vs.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO **Recurrida**<br><br>DIMARIE MÉNDEZ MARTINÓ **Interventora** | KLRA202300645 | *REVISIÓN ADMINISTRATIVA* procedente de la Corporación del Fondo del Seguro del Estado<br><br>Querella Núm: JA-16-85<br><br>SOBRE: Exclusión del Registro de Elegibilidad e Impugnación de Convocatoria |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2024.

El 14 de diciembre de 2023, el Sr. Wilson Avilés Sánchez (señor Avilés Sánchez o recurrente) compareció ante nos mediante un *Recurso de Revisión* y solicitó la revocación de la *Resolución* que se dictó el 31 de octubre de 2023 y se notificó el 17 de noviembre de 2023 por la Junta de Apelaciones de los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado (Junta de Apelaciones). En lo pertinente, mediante el aludido dictamen, la Junta de Apelaciones no le concedió una solicitud de sentencia sumaria que presentó el recurrente solicitando que se le incluyera en la Certificación de Elegibles para un puesto como Asesor Legal V en la Corporación del Fondo del Seguro del Estado (CFSE).

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

I.

El 16 de septiembre de 2016, el señor Avilés Sánchez presentó una *Moción Asumiendo Representación Legal y Apelación* ante la

Junta de Apelaciones.[1] Mediante esta, indicó que ocupaba el puesto de Ejecutivo en Contratación III en la Oficina de Contratación de la CFSE , poseía un grado de *Juris Doctor* desde el 28 de mayo de 1999 y estaba admitido al ejercicio de la profesión de abogado desde el 25 de enero de 2000. Alegó que el 9 de agosto de 2016, presentó una solicitud de empleo para la *Convocatoria 49-17 Gerencial* de la CFSE, para llenar una vacante para ocupar el de Asesor Legal V. Adujo que mediante un documento intitulado *Notificación sobre Participación en Convocatoria*, con fecha del 29 de agosto de 2016, la Jefa de la División de Reclutamiento le notificó que no fue incluido en la Certificación de Elegibles para el puesto solicitado ya que no poseía "cinco (5) años de experiencia en la práctica de abogado".[2]

En virtud de lo antes expuesto, el señor Avilés Sánchez argumentó que la experiencia requerida para el puesto no fue evaluada correctamente por la CFSE. Por ello, solicitó lo siguiente: (1) su inclusión a la certificación de elegibles; (2) la anulación del proceso de certificación y selección que se había llevado a cabo; (3) que se dejara sin efecto cualquier nombramiento para el puesto vacante en cuestión y, por último; (4) la celebración de un nuevo proceso de selección con la participación del recurrente.

En respuesta, el 25 de octubre de 2016, la CFSE presentó una *Contestación a Apelación* mediante la cual negó ciertas alegaciones y levantó sus defensas afirmativas.[3] Transcurrido un tiempo, el 29 de septiembre de 2022, el recurrente presentó una *Moción para Solicitar Sentencia Sumaria.*[4] En esta, aseguró que no existía controversia real con relación a los hechos materiales del caso, por lo cual solicitó que se dictara sentencia por la vía sumaria en torno a su exclusión del registro de elegibles de la *Convocatoria 49-17*

---

[1] Véase las págs. 21-25 del apéndice del Recurso.
[2] Íd., pág. 26.
[3] Íd., págs. 28-30.
[4] Íd., págs. 31-35.

*Gerencial* para el puesto de Asesor Legal V. Así pues, expuso once (11) hechos que a su juicio no estaban en controversia. Esbozó que ha trabajado para la CFSE por más de diecinueve (19) años y que, al momento de someter su escrito, ocupaba el puesto de Ejecutivo en Contratación III en el que, según su criterio, desempeñaba trabajo típico de abogado. Explicó que en dicho puesto realizaba tareas tales como: analizar los contratos a formalizarse o prepararse, discutir términos y condiciones de los contratos a formalizarse, redactar contratos, verificar que los contratos cumplieran con los procedimientos y recomendaciones dentro de la CFSE, entre otras tareas a esos fines. Acorde con todo lo anterior, solicitó que se dejara sin efecto la acción de la CFSE en la cual lo excluyó de la certificación de elegibles del puesto solicitado.

Por su parte, el 11 de octubre de 2022, la CFSE junto a la Lcda. Dimarie Méndez Martino (señora Méndez Martino), quien compareció al pleito como parte interventora, presentaron, una *Moción de Sentencia Sumaria.*[5] En síntesis, solicitaron la desestimación del pleito con perjuicio. Esbozaron que no existía controversia en torno a que el señor Avilés Sánchez no poseía la experiencia requerida para ocupar el puesto de Asesor Legal V. Fundamentaron esta posición bajo el planteamiento de que existía una gran diferencia entre el puesto que ocupaba el recurrente y el puesto que este estaba solicitando.

De la misma forma, el 28 de noviembre de 2022, la CFSE y la señora Méndez Martino presentaron una *Oposición Conjunta a Moción para Solicitar Sentencia Sumaria.*[6] En esencia, alegaron que la CFSE actuó conforme a sus reglamentos por lo que no le violentó ningún derecho al recurrente. Igualmente, esgrimieron que la CFSE no abusó de su discreción al determinar que el señor Avilés Sánchez

---

[5] Véase las págs. 1-55 del apéndice del escrito de la señora Méndez Martinó.
[6] Véase las págs. 60-79.del apéndice del Recurso.

incumplió con el requisito de cinco (5) años de experiencia en la práctica de la abogacía que se requería para ocupar el puesto de Asesor Legal V.

Habiéndose celebrado una vista argumentativa el 14 de marzo de 2023 y evaluada las posturas de las partes, el 31 de octubre de 2023, la Junta de Apelaciones dictó su *Resolución.*[7] En esencia, concluyó que las funciones entre el puesto de Ejecutivos en Contratación III que ocupaba el recurrente y el puesto de Asesor Legal V eran puestos con "funciones diametralmente distintas".[8] Por tal motivo, la Junta de Apelaciones razonó que el señor Avilés Sánchez no podía utilizar su experiencia como Ejecutivo en Contratos III ya que no podía validarse dicha experiencia para justificar la capacidad para ejercer como Asesor Legal V. Así pues, determinó que la CFSE resolvió conforme a derecho y no abusó de su discreción al no tomar en consideración la experiencia del recurrente como Ejecutivo de Contratación III en la selección para el puesto de Asesor Legal V. En vista de lo antes expuesto, declaró No Ha Lugar la moción dispositiva que presentó el señor Avilés Sánchez.

Inconforme con este dictamen, el 14 de diciembre de 2023, el recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró la Junta de Aplelaciones [sic] al determinar que el apelante no realizó labores que constituyen la práctica de la abogacía, durante el periodo en que ocupó el puesto de Oficial de Contratación en la propia C.F.S.E., y que por ende dicha experiencia no debe tomarse en cuenta para cumplir los requisitos mínimos del puesto.**

> **Erró la junta de apelaciones al sostener la exclusión del apelante de la certificación de personas elegibles para competir para ser seleccionado para ocupar el puesto de Asesor Legal V, por no cumplir los requisitos mínimos de cinco años de práctica de la abogacía.**

---

[7] Íd., págs., 1-18.
[8] Íd., pág. 15.

Atendido el recurso, el 8 de enero le concedimos a la CFSE y a la señora Méndez Martino hasta el 16 de enero de 2024 para que presentaran su alegato en oposición. Posteriormente, el 16 de enero de 2024, le concedimos un término adicional a la CFSE para que esta compareciera. Oportunamente, la señora Méndez Martinó compareció mediante una *Oposición a Recurso de Revisión Administrativa Civil* y negó que la Junta de Apelaciones cometiera los errores que el señor Avilés Sánchez le imputo. Por su parte, el 16 de febrero de 2024, la CFSE presentó su *Oposición a Recurso de Revisión Administrativa* y de igual forma negó que la Junta cometiera los errores que el recurrente le imputó.

Con el beneficio de la comparecencia de las partes procedemos a resolver. *Veamos.*

## II.

### -A-

La revisión judicial nos permite asegurarnos que los organismos administrativos actúen según las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1015 (2008). Particularmente, la revisión judicial permite que evaluemos si los foros administrativos han cumplido con los mandatos constitucionales que gobiernan su función como, por ejemplo, que respeten y garanticen los requerimientos del debido proceso de ley que le asiste a las partes. Íd. Así, "[l]a revisión judicial garantiza a los ciudadanos un foro al que recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias". Íd.

Respecto al estándar que debemos utilizar al intervenir y revisar determinaciones administrativas, estamos llamados a concederles deferencia y no reemplazar el criterio especializado de las agencias por el nuestro. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 126 (2019); *Rolón Martínez v. Caldero López,* 201 DPR

26, 35 (2018). Lo anterior, debido a que son estas las que tienen el conocimiento especializado sobre los asuntos que se le delegaron. Íd. Consonó con lo que antecede, las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarlas. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

El alcance de nuestra intervención queda incorporado en la sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601, *et seq.* (LPAU) que establece, en lo pertinente, que:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. 3 LPRA sec. 9675.

De lo anterior, se colige que la revisión administrativa comprende tres áreas: 1) si el remedio concedido por la agencia fue apropiado; 2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y 3) si mediante una revisión, completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas. *Rolón Martínez v. Supte. Policía, supra,* págs. 35-36; *Batista, Nobbe v. Jta. Directores, supra,* pág. 217; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de San Juan v. JCA*, 149 DPR 263, 279-280 (1999).

En suma, al revisar las determinaciones e interpretaciones del foro administrativo, en un ejercicio de razonabilidad, nos limitaremos a analizar si se actuó de modo arbitrario, ilegal o de modo tan irrazonable que constituye un abuso de discreción.

*Batista, Nobbe v. Jta. Directores, supra,* pág. 216; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76 (2004). Si se incurriera en estas actuaciones, "entonces cederá la deferencia que merecen las agencias en las aplicaciones e interpretaciones de las leyes y los reglamentos que administran". *Rolón Martínez v. Supte. Policía, supra,* pág. 36. En cuanto a la revisión de las determinaciones de hechos, debemos recordar que estas deben sostenerse cuando se basen en evidencia sustancial que surja del expediente administrativo. Íd. Por su parte, las conclusiones de derecho pueden revisarse en su totalidad y "se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Íd.

Es importante destacar que la Sección 3.15 de la LPAU dispone que una parte adversamente afectada por una resolución u orden parcial o final podrá solicitar reconsideración ante la agencia. Así, si la agencia toma alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Íd. Sobre el particular, el Artículo 1.3 de la LPAU define orden o resolución como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador. Asimismo, el aludido artículo define orden o resolución parcial como "la acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma". Por el contrario, según la LPAU las resoluciones u órdenes interlocutorias sólo resuelve asuntos procesales del caso ante la agencia.

**-B-**

El *Reglamento de Personal para los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado*, Reglamento Núm. 6226 de 11 de enero de 2000 (Reglamento), se aprobó con el propósito de establecer las normas que deben regir en la administración del sistema de personal de la CFSE. Estas normas están orientadas en el principio de mérito en cuanto su diseño, aplicación e interpretación. Véase Art. 4 del Reglamento.

Referente a las normas de reclutamiento, la Sección 13.1 del Reglamento aclara que estas establecerán los requisitos para el reclutamiento a base del contenido de las especificaciones de clases. De tal manera, en todo momento, los requisitos deberán estar directamente relacionado con las funciones esenciales del puesto. Íd.

Del mismo modo, el Reglamento establece que las oportunidades de empleos de la CFSE se divulgarán por los medios más apropiados para cada caso. Véase, Art. 13, sec. 12.2 del Reglamento. Asimismo, las convocatorias de reclutamiento deberán contener la siguiente información: título de la clase, puesto, naturaleza del trabajo, requisitos mínimos, escala de sueldo, fecha límite para radicar solicitudes y cualquiera otra información indispensable. Íd.

De otra parte, el Reglamento expresa que toda persona que interese ser considerada para empleo en la CFSE deberá presentar ante el Negociado de Personal una Solicitud de Empleo, conforme lo indique la convocatoria anunciada. Véase, Art. 13, sec. 12.3 del Reglamento. Además, deberá incluir copia certificada por alguna autoridad competente de los diplomas, certificados o documentos necesarios para la evaluación sobre empleabilidad. Íd. Así, toda solicitud de empleo se evaluará para determinar el examen que corresponda ofrecerle al solicitante. Íd.

Ahora bien, le Reglamento estipula que se rechazaran solicitudes de exámenes por las siguientes razones:

1. Radicación tardía

2. Ausencia de requisitos mínimos establecidos para desempeña el puesto

3. Radicación sin la firma del solicitante en original

4. Conocimiento formal de que los solicitantes:

a) han incurrido en conducta deshonrosa;

b) no están al día en el pago de pensiones alimentarias;

c) han sido convictos por delito grave o por cualquier delito que implique depravación moral o corrupción;

d) han sido destituidos del servicio público;

e) son adictos al uso habitual o excesivo de sustancias controladas o bebidas alcohólicas; o

f) han realizado o intentado realizar engaño o fraude en la información sometida en la solicitud. Íd.

El Reglamento estipula que se notificará por escrito a la persona cuya solicitud sea rechazada y la causa del rechazo, apercibiéndole de su derecho de apelación ante la Junta de Apelaciones de la Corporación. Íd.

III.

En el presente recurso, el recurrente nos solicitó la revocación de la *Resolución* que la Junta de Apelaciones dictó el 31 de octubre de 2023 y notificó el 17 de noviembre de 2023. En su primer señalamiento de error, indicó que la Junta de Apelaciones incidió al determinar que no había realizado labores que constituían práctica de la abogacía durante el periodo en que ocupó el puesto de Oficial en Contratación III y que por ende dicha experiencia no debía tomarse en consideración para cumplir con los requisitos mínimos del puesto de Asesor Legal V. Por otro lado, en su segundo

señalamiento de error, sostuvo que la Junta de Apelaciones erró al mantener su exclusión en la certificación de elegibles para el puesto de Asesor Legal V. *Veamos*.

Por tratarse de asuntos íntimamente relacionados, procederemos a discutir los dos (2) señalamientos de error de manera conjunta. Conforme surge del expediente ante nuestra consideración, el señor Avilés Sánchez ocupó el puesto de Ejecutivo en Contratación III desde el 1 de mayo de 2003 hasta el 16 de septiembre de 2014 y posteriormente lo volvió a ocupar desde el 11 de abril de 2016 hasta el presente.

Según se desprende de la clasificación de puesto de Ejecutivo en Contratación III, la preparación y experiencia mínima para ejercer como tal consiste en poseer un grado de *Juris Doctor* y tener al menos dos (2) años de experiencia relacionada a la contratación de bienes y servicios. Así, entre los conocimientos, habilidades y destrezas mínimas que debería tener toda persona que ejerza dicho puesto, se encuentra el tener conocimiento en los principios y normas relacionadas a la contratación de bienes y servicios, conocimiento en el funcionamiento de la CFSE y conocimientos considerables en la formación de contratos de bienes y servicios. Asimismo, entre los trabajos típicos que ejerce este tipo de profesional, se destaca el redactar contratos, documentos contractuales, requerimientos formales, resoluciones y comunicados relacionados y verificar que los contratos cumplan con la norma establecida.

En la presente controversia, la CFSE, no consideró el tiempo en el que el señor Avilez Sánchez ejerció como Ejecutivo en Contratación III como experiencia en la práctica de la abogacía. Ahora bien, es sabido que en nuestra jurisdicción no existe una definición precisa sobre que significa ejercer la practica como

abogado.[9] Dicho concepto, conlleva una definición amplia y abarcadora y para determinar en que constituye la práctica de la abogacía es necesario realizar un análisis integrar de los hechos. En el presente caso, el señor Avilés Sánchez obtuvo su grado de *Juris Doctor* en el 1999 y aprobó el examen de reválida para el ejercicio de la abogacía en el 2000. Sin embargo, por más de once (11) años estuvo ejerciendo como Ejecutivo en Contratación III, un puesto en el cual era necesario poseer cierta pericia en materia de derecho particularmente, derecho contractual. Prueba de ello es la preparación académica mínima para ese puesto, pues se necesita un grado *Juris Doctor* para ejercer como tal. Es decir, para ejercer como un funcionario de Ejecutivo en Contratación III, era necesario el grado académico que todas las personas necesitan para ser abogado y tener algún nivel de conocimiento en la materia de derecho contractual dado a que las funciones de ese puesto requerían redactar y formalizar contratos.

Nótese que la interrogante en este pleito no es determinar si el señor Avilés Sánchez es el más apto para ocupar el puesto de Asesor Legal V. Dicha encomienda le corresponde al personal encargado del reclutamiento de personal de la CFSE. El planteamiento que está ante nuestra consideración es si el señor Avilés Sánchez ha ejercido como abogado en todos los años que ejerció como Ejecutivo en Contratación III. Dado al tipo de trabajo que realizó el recurrente en dicho puesto, es forzoso concluir que el licenciado Wilson Avilés Sánchez practicó como abogado en el tiempo que fungió Ejecutivo de Contratación III, pues tuvo que

---

[9] A modo de referencia, *véase*, S. Steidel Figueroa, *Ética para Jurista: Ética del Abogado y Responsabilidad Disciplinaria*, Ediciones SITUM, 2016, págs. 130-133, del cual destacamos el siguiente fragmento:

> Determinar que constituye ejercicio de la abogacía no siempre es una tarea sencilla. Los criterios que se han articulado son diversos y ocasionalmente son vagos e imprecisos. Se ha planteado incluso que constituir una definición exhaustiva es imposible. Íd., pág. 130-131. (citas omitidas)

utilizar su conocimiento y adiestramiento en materias de derecho para poder efectuar adecuadamente su función. Por tal motivo, colegimos que la Junta de Apelaciones cometió los dos errores señalados y, en consecuencia, revocamos el dictamen recurrido. Por consiguiente, corresponde incluir al recurrente en la lista de elegibles para el puesto de Asesor Legal V.

Aclaramos que, con esta determinación, no estamos invalidando la selección por parte de la CFSE de la señora Méndez Martinó para ocupar el puesto como Asesora Legal V y mucho menos estamos cuestionando los méritos de esta última o las razones por las cuales la CFSE la consideró como la candidata más idónea para ocupar el puesto. En cambio, como mencionamos anteriormente, con nuestra determinación estamos resolviendo que el señor Avilés Sánchez sí debe incluirse como parte de la lista de las personas elegibles para el puesto de Asesor Legal V si surge una vacante en la eventualidad. Ello ya que entendemos que los años que ha fungido como Ejecutivo en Contratación III sí deben considerarse como años de práctica como abogado.

IV.

Por los fundamentos entes expuestos, *revocamos* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones